UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO.    3:88-cr-215-J-12TEM

RODNEY LAMAR McCLAIN

_____

ORDER

This cause is before the Court for consideration of Defendant's eligibility for a

sentence reduction pursuant to 18 USC § 3582(c)(2) and Amendment 750 to the United

States Sentencing Guidelines ("USSG"). Amendment 750 lowers the base offense levels

for cocaine base (crack cocaine) offenses effective November 1, 2011.

Defendant filed a motion for retroactive application of the Sentencing Guidelines

(Doc. 1978) on October 27, 2011, seeking a reduction of sentence pursuant to Amendment

750.[1] The Court appointed the Federal Defender's Office to represent Defendant in this

matter. See Doc. 1990. Both the Government and Defendant filed memoranda regarding

Defendant's eligibility for a sentence reduction on February 10, 2012 (Docs. 2020 and

2021).

Title 18, section 3582(c)(2) gives the Court discretion to modify a term of

imprisonment after it has been imposed in the case of a defendant who has been

sentenced to a term of imprisonment based on a sentencing range that has subsequently

_____

[1]    Defendant also seeks early termination of his supervised release, but
because he is not yet serving a term of supervised release, any reduction for which he
may be eligible is to his sentence of imprisonment only. See USSG § 1.B1.10 and
Application Notes.

been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). In that case, the court may reduce the term of imprisonment, after considering applicable factors set forth in section 3553(a), if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

USSG Section 1B1.10(a)(1) authorizes a reduction in a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)...." However, a reduction in sentence is not consistent with the policy statement or authorized under 18 U.S.C. § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 750 is a covered amendment and applies retroactively pursuant to USSG §1B1.10(c). The question before the Court is whether it has the effect of lowering Defendant's applicable guideline range in this case. For the reasons set forth below, the Court finds that Amendment 750 does not have the effect of lowering Defendant's base offense level and the resulting guideline range, so he is not entitled to a reduction in sentence.

On July 18, 1989, Defendant was sentenced to concurrent Life terms of imprisonment as to each of Counts One (conspiracy to manufacture, distribute and possess with intent to distribute 50 grams or more of cocaine base), Four and Six (possession with intent to distribute 50 grams or more of cocaine base), and to five (5) years imprisonment on each of Counts Five and Seven (using or causing to be used a firearm in relation to a drug trafficking offense) to run consecutively to one another and to

2

the sentences imposed in Counts One, Four and Six. See Doc. 1048. At that time, the Court determined that Defendant's base offense level was 36 for offenses involving 500 or more grams of cocaine base, to which the Court added 4 levels for his leadership and organizing role in the offense. His original Life sentences on Counts One, Four and Six were based upon the guideline range of 360 months to Life that resulted from his total offense level of 40 and criminal history category III.[2]

On July 22, 2008, the Court reduced Defendant's sentence on Counts One, Four, and Six to a term of 292 months imprisonment, based upon the retroactive application of Amendment 706, which had the effect of reducing his base offense level by 2 levels to a level 34, for a new total offense level of 38. See Doc. 1919.

The United States Probation Office ("USPO") submitted a Memorandum dated November 18, 2011, stating that Defendant is not eligible for a further sentence reduction based on Amendment 750 because the Presentence Investigation Report ("PSR") indicates that Defendant's offense conduct involved approximately 900 grams of cocaine base (¶¶ 6, 10 and 19), and the amended drug table assigns the same base offense level of 34 for offenses involving that amount of cocaine base that resulted pursuant to Amendment 706. As a result, the USPO's position is that Amendment 750 does not have the effect of reducing Defendant's base offense level and resulting guideline range, so he is not entitled to a reduction of sentence. In other words, for the amount of cocaine base involved in Defendant's offense conduct (900 grams), Amendment 750 did not change the

---

[2]     Defendant's five (5) year consecutive sentences on Counts Five and Seven remain unchanged. Defendant's motion for reduction of sentence applies to Counts One, Four, and Six, only

3

base offense level assigned after Amendment 706, so no change results in Defendant's guideline range, making him ineligible for a sentence reduction.

Defendant notes that although the PSR indicates the 900 grams of cocaine base seized during the investigation was used to set his original base offense level of 36 (as the amount Defendant could reasonably foresee as involved in the conspiracy), drug amounts specified in ¶¶ 11-12 add up to only 760.4 grams, which would trigger a base offense level of 32 under post-Amendment 750 guidelines.

The Government agrees with the position of the USPO that Defendant is ineligible for a sentence reduction because it contends the Court found the investigation of the conspiracy resulted in the seizure of approximately 900 grams of cocaine base and Defendant had reasonably foreseeable knowledge of the amounts of drugs involved in the conspiracy. The Court cannot adopt Defendant's position on the basis of the record in this case, and finds that the positions of the USPO and the Government are due to be adopted.

At his original sentencing, Defendant did not object to ¶¶ 6, 10, or 19 which state that the investigation of the conspiracy resulted in the seizure of approximately 900 grams of cocaine base, all defendants had reasonably foreseeable knowledge of the entire operation, and that his Base Offense Level was 36 because the offense of conviction involved approximately 900 grams of cocaine base. Defendant's objections were with regard to whether he had a leadership role in a single conspiracy, and related to his firearms convictions. See PSR, Probation Officer's Addendum at p.1-2; Transcript of Sentencing Hearing, Doc. 1203 at 5-9, 10-14.

The Court overruled Defendant's objections, adopting the position of the USPO stated in the Addendum to the PSR, and adopted the factual statements in PSR to which

no objections had been made. Transcript of Sentencing Hearing, Doc. 1203 at 17. The Court thus found that Defendant had reasonably foreseeable knowledge that the conspiracy involved the approximately 900 grams of cocaine base seized and set his base offense level accordingly. See United States v. Davis, 587 F.3d 1300 (11th Cir. 2009). This finding was consistent with the Court's finding, in overruling Defendant's other objections, that his role in the conspiracy was that of an organizer or leader of a criminal activity with at least five participants. See PSR, Probation Officer's Addendum at p. 2; PSR ¶¶ 7 and 23, Transcript of Sentencing Hearing, Doc. 1203 at 17. As a result, Amendment 750 does not lower his base offense level and resulting guideline range, making Defendant ineligible for a sentence reduction under 18 USC § 3582(c)(2).

Upon review of the matter, for the reasons set forth above, the Court finds that Amendment 750 does not have the effect of lowering Defendant's guideline range, and it is therefore

**ORDERED AND ADJUDGED:**

That Defendant is not eligible for a sentence reduction pursuant to 18 USC § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines and therefore Defendant's motion for retroactive application of the Sentencing Guidelines (Doc. 1978) is denied.

**DONE AND ORDERED** this __22nd__ day of February 2012.

Howell W Melton
Senior United States District Judge

Copies:
Counsel of Record
Defendant – Oakdale FCI
United States Probation Office

5