UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.   3:88-cr-215-J-12TEM

JERROD RICHARDSON

---

ORDER

This cause is before the Court for consideration of Defendant's eligibility for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines ("USSG"). Amendment 750 lowers the base offense levels for cocaine base (crack cocaine) offenses effective November 1, 2011.

Defendant filed a motion for retroactive application of the Sentencing Guidelines (Doc. 2029) on March 14, 2012, seeking a reduction of sentence pursuant to Amendment 750.[1] The Court appointed the Federal Defender's Office to represent Defendant in this matter. See Doc. 2030. Both Defendant and the Government filed memoranda regarding Defendant's eligibility for a sentence reduction on May 14, 2012 (Docs. 2040 and 2041).

Title 18, section 3582(c)(2) gives the Court discretion to modify a term of imprisonment after it has been imposed in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). In that case,

---

[1] Defendant also seeks early termination of his supervised release, but because he is not yet serving a term of supervised release, any reduction for which he may be eligible is to his sentence of imprisonment only. See USSG § 1.B1.10 and Application Notes.

the court may reduce the term of imprisonment, after considering applicable factors set forth in section 3553(a), if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

USSG Section 1B1.10(a)(1) authorizes a reduction in a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)...." However, a reduction in sentence is not consistent with the policy statement or authorized under 18 U.S.C. § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." USSG § 1B1.10(a)(2)(B).

Amendment 750 is a covered amendment and applies retroactively pursuant to USSG §1B1.10(c). The question before the Court is whether it has the effect of lowering Defendant's applicable guideline range in this case. For the reasons set forth below, the Court finds that Amendment 750 does not have the effect of lowering Defendant's base offense level and the resulting guideline range, so he is not entitled to a reduction in sentence.

On July 20, 1989, Defendant was sentenced to concurrent 40 year terms of imprisonment as to each of Counts One (conspiracy to manufacture, distribute and possess with intent to distribute 50 grams or more of cocaine base), and Four (possession with intent to distribute 50 grams or more of cocaine base). See Doc. 1079. At that time, the Court determined that Defendant's base offense level was 36 for offenses involving 500 or more grams of cocaine base, to which the Court added 2 levels for his reasonably foreseeable knowledge that firearms were possessed by some participants in furtherance

of the conspiracy, and 3 levels for his supervisory and/or management role in the offense. His original 40 year sentences on Counts One and Four were based upon the guideline range of 360 months to Life that resulted from his total offense level of 41 and criminal history category III.

On April 9, 2008, the Court reduced Defendant's sentence on Counts One and Four to a term of 324 months imprisonment, or time served, whichever was greater, based upon the retroactive application of Amendment 706, which had the effect of reducing his base offense level by 2 levels to a level 34, for a new total offense level of 39. See Doc. 1884.

The United States Probation Office ("USPO") submitted a Memorandum dated October 3, 2011, stating that Defendant is not eligible for a further sentence reduction based on Amendment 750. The Presentence Investigation Report ("PSR") indicates that Defendant's offense conduct involved approximately 900 grams of cocaine base (specifically 897 grams)(¶¶ 6, 10 and 18), and the amended drug table assigns the same base offense level of 34 for offenses involving that amount of cocaine base that resulted pursuant to Amendment 706. As a result, the USPO's position is that Amendment 750 does not have the effect of reducing Defendant's base offense level and resulting guideline range, so he is not entitled to a reduction of sentence. In other words, for the amount of cocaine base involved in Defendant's offense conduct (approximately 900 grams or 897 grams), Amendment 750 did not change the base offense level assigned after Amendment 706, so no change results in Defendant's guideline range, making him ineligible for a sentence reduction.

Defendant asserts that he objected to being held accountable for all of the drugs seized during the conspiracy and the Court found only that he was accountable for an

amount in excess of 500 grams, not any specific amount, and so he is or should be eligible for another 2 level reduction in his base offense level applicable to offenses involving 280 to 840 grams of cocaine base. The Government agrees with the position of the USPO that Defendant is ineligible for a sentence reduction because it contends that in overruling Defendant's objections to the PSR at sentencing, the Court found the investigation of the conspiracy resulted in the seizure of approximately 900 grams of cocaine base and Defendant had reasonably foreseeable knowledge of the amounts of drugs involved in the conspiracy and used that amount to determine Defendant's base offense level. The Court finds that the positions of the USPO and the Government are due to be adopted.

At his original sentencing, Defendant objected to ¶ 10 of the PSR which states that all defendants in the case had reasonably foreseeable knowledge of the entire drug conspiracy operation, and ¶ 18 which set his Base Offense Level at 36 because the offense of conviction involved in excess of 500 grams of cocaine base, specifically 897 grams. See PSR, Probation Officer's Addendum at p.1-2; Transcript of Sentencing Hearing, Doc. 1208 at 6-7, 10-12, and 17-19. Defendant did not object to ¶ 6 stating that the investigation of the conspiracy resulted in the seizure of approximately 900 grams of cocaine base, but argued that he should not be held accountable for the entire amount of drugs seized during the conspiracy because of his limited participation and because there were two conspiracies.

Defendant also objected to ¶¶ 19 and 21 which enhanced his base offense level for his reasonably foreseeable knowledge that firearms were possessed by some participants in furtherance of the conspiracy and his managerial and/or supervisory role in the

conspiracy. See PSR, Probation Officer's Addendum at p.2-3; Transcript of Sentencing Hearing, Doc. 1208 at 12-15, 20-24 and 29-30.

The Court found that "much more than 500 grams" was involved in Defendant's offense conduct, and that by becoming a member of the conspiracy he was responsible for its acts. Transcript of Sentencing Hearing, Doc. 1208 at 32-33. The Court then overruled Defendant's objections, adopted the position of the USPO as stated in the Addendum to the PSR, and adopted the factual statements in the PSR to which no objections had been made. Transcript of Sentencing Hearing, Doc. 1208 at 33.

The Court thus found that Defendant had reasonably foreseeable knowledge that the conspiracy involved the approximately 900 grams of cocaine base seized and set his base offense level accordingly. See United States v. Davis, 587 F.3d 1300 (11th Cir. 2009). This finding was consistent with the Court's finding, in overruling Defendant's other objections and adopting the position of the USPO, that he had reasonably foreseeable knowledge that firearms were possessed by some participants in furtherance of the conspiracy, and that his role in the conspiracy was that of a manager and/or supervisor of a criminal activity with at least five participants.

As a result, upon review of the matter, for the reasons set forth above, the Court finds that Amendment 750 does not have the effect of lowering Defendant's base offense level and resulting guideline range, making Defendant ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). It is therefore

**ORDERED AND ADJUDGED:**

That Defendant is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines and therefore

Defendant's motion for retroactive application of the Sentencing Guidelines (Doc. 2029) is denied.

**DONE AND ORDERED** this __6th__ day of __June__ 2012.

_Howell W. Melton_
Senior United States District Judge

Copies:
    Counsel of Record
    Defendant – Miami CCM
    United States Probation Office